11-822-cv
McKinney v. Dep't of Transp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT: RALPH K. WINTER,
         CHESTER J. STRAUB,
         DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

DAPHNE MCKINNEY,
         Plaintiff-Appellant,

         -v.-                                11-822-cv

DEPARTMENT OF TRANSPORTATION, STATE OF
CONNECTICUT, LISA TILUM, MICHAEL SANDERS,
DENNIS JOLLY, KATHLEEN KARWICK, VICKI
ARPIN, in their individual capacities,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     W. MARTYN PHILPOT, JR., Law Offices
                             of W. Martyn Philpot, Jr., PLLC,
                             New Haven, Connecticut.

FOR DEFENDANTS-APPELLANTS:   JOSEPH JORDANO, Assistant Attorney
                             General (Eleanor May Mullen,
                             Assistant Attorney General, on the
                             brief), for George Jepsen, Attorney
                             General of the State of
                             Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Daphne McKinney appeals from the district court's judgment entered on February 9, 2011, pursuant to: (1) its May 11, 2010, ruling on McKinney's motion for reconsideration, partially adhering to and partially vacating its December 2, 2009, grant of summary judgment to defendants-appellees the Department of Transportation for the State of Connecticut (the "DOT") and six DOT employees; and (2) a February 4, 2011, jury verdict in favor of defendants. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

McKinney, a former DOT employee, sued defendants for race discrimination, hostile work environment, wrongful termination, intentional infliction of emotional distress, and negligence under 42 U.S.C. §§ 1981, 1983, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and Connecticut common law. On appeal, McKinney principally argues that the district court: (1) erred in granting partial summary judgment to defendants dismissing her claims of retaliatory termination and hostile work environment; and (2) abused its discretion or otherwise erred with respect to certain rulings at the trial of her claims for termination on account of her race.

First, upon de novo review of the district court's partial grant of summary judgment, resolving all ambiguities and drawing all inferences in McKinney's favor, we conclude that no

-2-

genuine issues of material fact existed for trial and defendants were entitled to judgment as a matter of law as to the hostile work environment and retaliatory termination claims. See Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011). With respect to McKinney's hostile work environment claim, McKinney failed to present evidence from which a jury could find that her "workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult' . . . 'sufficiently severe or pervasive to alter the conditions of [her] employment.'" See Redd v. N.Y. Div. of Parole, 678 F.3d 166, 175 (2d Cir. 2012) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). As to McKinney's claim of retaliatory termination, even assuming McKinney had established a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), defendants offered a legitimate non-discriminatory reason for terminating McKinney -- McKinney's threatening e-mails -- and McKinney, as the district court concluded, did not present sufficient evidence from which a reasonable jury could find that defendants' proffered reason was pretextual. See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009).

Second, McKinney challenges a number of the district court's rulings at trial, including its: (1) refusal to charge the jury to disregard defendants' ability to pay damages; (2) grant of defendant Vicki Arpin's Rule 50 motion for a directed verdict; (3) admission of evidence of McKinney's purported litigiousness; (4) admission of evidence of Celeste Martires's

perjury at a deposition; (5) admission of testimony from Wanda Seldon, a DOT Deputy Administrator, agreeing with the decision to discharge McKinney; (6) exclusion of testimony from David Glidden, McKinney's union representative; and (7) refusal to grant McKinney's motion to compel disclosure of an internal investigative report of the DOT.

Upon reviewing the district court's decisions with respect to the jury instructions and its grant of a motion for directed verdict de novo, and its evidentiary and discovery rulings for abuse of discretion, we conclude that the district court did not err in its trial rulings. See Girden v. Sandals Int'l, 262 F.3d 195, 203 (2d Cir. 2001) (jury instructions); Cash v. Cnty. of Erie, 654 F.3d 324, 332–33 (2d Cir. 2011) (Rule 50 motion); Brown v. City of Syracuse, 673 F.3d 141, 149 (2d Cir. 2012) (evidentiary rulings); S.E.C. v. Rajaratnam, 622 F.3d 159, 180 (2d Cir. 2010) (discovery rulings). Further, even if the district court had erred in any of these respects, a new trial is not warranted because the district court's rulings were not "clearly prejudicial to the outcome of the trial." Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 124 (2d Cir. 2005) (internal quotation marks omitted).

We have considered McKinney's remaining arguments and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK